IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AGVR PROPERTY OWNER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3002-L-BN |
| | § | |
| JASPER CALHOUN ROWE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Jasper Calhoun Rowe, proceeding *pro se*, removed to federal court a state court eviction proceeding in Dallas County, Texas, asserting that there is subject matter jurisdiction because the eviction affects his rights under the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). *See* Dkt. No. 3.

United States District Judge Sam A. Lindsay referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned entered findings of fact and conclusions of law recommending that the Court *sua sponte* remand the case under Section 1447(c) to the state court from which it was removed because the Court lacked subject matter jurisdiction at the time of removal (the "FCR"). *See* Dkt. No. 6.

Rowe did not file timely objections. And the Court accepted the FCR and remanded the action "for lack of subject matter jurisdiction to the Justice Court,

Precinct 4, Place 1, Dallas County, Texas, from which it was removed." *See* Dkt. No. 7.

The day after the case was remanded, Rowe filed objections. *See* Dkt. No. 8. And Rowe filed a motion for reconsideration within 28 days of the Court's remand order. *See* Dkt. No. 10. But, generally, a Section 1447(c) "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007) (where "District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)"). And the district court also lacks jurisdiction to reconsider such an order. *See New Orleans Public Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986).

So the Court should deny the motion for reconsideration [Dkt. No. 10] for lack of jurisdiction under 28 U.S.C. § 1447(d).

## Recommendation

The Court should deny the motion for reconsideration filed by Defendant Jasper Calhoun Rowe [Dkt. No. 10], and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 12, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE